UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAKARIA I. MUSSALLAM,

       Plaintiff,                                     Case No. 06-10392
                                                          Hon. Marianne O. Battani

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

       Plaintiff Zakaria I. Musallam brings this action for judicial review of the final decision of the Commissioner denying his application for Disability Insurance Benefits pursuant to the Social Security Act. 42 U.S.C. §§ 423, 1382. The case was referred to Magistrate Judge Mona A. Majzoub pursuant to 28 U.S.C. § 636(b)(1). The parties filed dispositive motions, and in her Report and Recommendation ("R&R"), Magistrate Judge Majzoub recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

       Plaintiff filed Objections to the R&R, arguing that the administrative record does not contain substantial evidence to support the Commissioner's decision. More specifically, Plaintiff asserts that the Administrative Law Judge failed to properly access his residual functional capacity, erred in finding he could perform his past relevant work because she improperly relied on the testimony of the Vocational Expert, and improperly discounted Plaintiff's credibility relative to his pain. For the reasons stated below, the Court **REJECTS** Plaintiff's Objections, and **ADOPTS** the R&R in its entirety.

1

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits in May 2003, alleging that he had been unable to work since April 30, 2003, due to bilateral shoulder pain, history of hernia repair, neck pain, back pain, and right foot pain. After the Social Security Administration denied benefits, Plaintiff requested a hearing. Administrative Law Judge ("ALJ") Karen Goheen presided at the January 2006 hearing. Thereafter, she found that Plaintiff was not entitled to disability benefits because he retained the ability to perform his past relevant work. The Appeals Council declined to review the decision, and Plaintiff sought judicial review.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing Plaintiff's arguments in its discussion of the objections.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is

substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm's of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court  may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence.  Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).   Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts."  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (citations and internal quotations omitted).

### III.  ANALYSIS

Plaintiff raises three objections to the R&R.  Specifically, Plaintiff contends that the

ALJ's assessment of his residual functional capacity ("RFC") is not supported by substantial evidence.  Secondly, Plaintiff challenges the testimony of the Vocational Expert as inconsistent with the Dictionary of Occupational Titles.  Finally, Plaintiff disputes the ALJ's credibility assessment.  The Court addresses each below.

### A. Residual Functional Capacity

Plaintiff challenges the ALJ's formulation of his residual functional capacity as unsupported by the medical information contained in the record.  The ALJ found:

> [T]he claimant has the residual functional capacity for light work with the ability to use the non-dominant upper extremity with the limitations of no climbing or crawling, no postural activities that require use of both hands, no work above shoulder level or that requires reaching behind the body, and no exposures to extreme cold.

Tr. at 22.  According to Plaintiff, the ALJ erred because she adopted the opinion of the state physician, who never examined plaintiff and did not even review all of the medical records.  Plaintiff is correct that the state physician rendered his opinion in June 2003, and that the opinion therefore did not reflect the medical evidence arising thereafter.  This shortcoming does not persuade the Court that the ALJ's RFC formulation must be rejected.

The ALJ noted and considered the opinion of the physician from the state disability services, who concluded that the claimant had the residual functional capacity for light work.  Nevertheless, the ALJ did not rely exclusively on the state physician in determining Plaintiff's RFC. She considered the medical evidence arising after the June 2003 assessment. Further, the ALJ did not "adopt" the opinion of the state physician but formulated a more restrictive RFC to reflect that evidence, when she included postural, manipulative, and environmental limitations.  Consequently, the Court rejects Plaintiff's contention that the ALJ failed to consider medical information contained in the record showing Plaintiff suffered from

impingement syndrome, right foot problems, and low back pain.  The ALJ found Plaintiff suffered from a severe impairment; however, the existence of even a severe impairment does not entitle a claimant to disability benefits.  The impairment must prevent the claimant from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2005).  That assessment gives rise to Plaintiff's second objection.

### B.  Past Relevant Work

In this case, the ALJ found that Plaintiff's impairment did not prevent him from performing his past relevant work as it is performed in the national economy.  When comparing RFC to past relevant work, the Commissioner considers only work done within the last fifteen years that was substantial gainful activity "and that lasted long enough for [her] to learn to do it." 20 C.F.R. § 416.960(b)(1). The Commissioner may consult a vocational expert ("VE") as to the demands of the past relevant work, either as performed by the claimant or as generally performed in the national economy, and may pose hypotheticals to the VE as to whether someone with the claimant's limitations can meet those demands. 20 C.F.R. § 416.960(b)(2).

A hypothetical question must accurately describe Plaintiff's limitations. Cole v. Sec. of HHS, 820 F.2d 768, 775 (6th Cir. 1987).  Plaintiff asserts that the ALJ inaccurately expressed his RFC when questioning the VE.  Because the Court has found that Plaintiff' RFC was supported by the record, his concerns about the hypothetical lack merit.

Plaintiff also objects to the VE's testimony characterizing Plaintiff's past relevant work as "field salesman or account representative."  Tr. at 291.  According to Plaintiff, the VE's job identification and exertional level fail because the VE describes a job different from that

5

Plaintiff last performed. Moreover, the VE further testified that his analysis was consistent with the Dictionary of Occupation Titles ("DOT"), <u>see</u> Tr. at 294, despite the fact that the DOT contains no such job listings.

At the outset, the Court observes that the regulations do not require that Plaintiff be able to perform his past relevant work as was required in his former job; it is sufficient to show that Plaintiff can perform his past relevant work as it is generally performed in the national economy. Further, this case does not present a situation wherein the ALJ failed to ask whether there was any discrepancy between the Vocational Expert's testimony and the DOT. Without question, if the testimony of the vocational expert relied upon by the ALJ in making the finding conflicts with the job descriptions contained in the DOT, and the ALJ does not elicit a reasonable explanation for the conflict, remand may be appropriate. <u>See</u> Ruling 00-4p, SSR 00-4p; 65 Fed.Reg. 75, 759, 75, 761 (Dec. 4, 2000). Plaintiff bears the burden at this stage of the analysis, and this Court finds the conflict suggested by Plaintiff does not alter the outcome.

Specifically, Plaintiff did not bring a conflict to the ALJ's attention at the hearing. It is not even clear that a conflict exists, and an explanation is required only if the discrepancy is "identified" at the hearing. Thus, the claimant must notice the conflict and ask for substantiation. <u>See</u> <u>Martin v. Comm'r of Soc. Sec.</u>, No. 04-4551, 2006 WL 509393 at ** 4-5 (6th Cir. 2006) (noting that the ALJ has no duty to independently investigate the testimony in order to assess whether it is correct). Therefore, the Court directs its attention to Plaintiff's final objection.

### C. Pain Assessment

The ALJ found Plaintiff's testimony "regarding the extent of his limitations was not fully

corroborated by the objective medica evidence." Tr. at 22.  The Court agrees.  The record as a whole supports the ALJ's finding that Plaintiff's condition is not disabling, notwithstanding his testimony to the contrary.

An individual's statements as to "pain or other symptoms will not alone establish that [he is] disabled. . . ." 20 C.F.R. § 404.1529(a).  The Sixth Circuit employs a two-prong test to evaluate a claimant's assertions of disabling pain.  First, the court examines "whether there is objective medical evidence of an underlying medical condition." Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir.1994) (quoting Duncan v. Sec'y of HHS, 801 F.2d 847, 853 (6th Cir.1986)).  Once that is established, the court considers "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id.

In this case, the ALJ found objective medical evidence of Plaintiff's underlying conditions.  She did not find objective evidence confirming the severity of Plaintiff's pain. None of Plaintiff's treating physicians offered an opinion that Plaintiff was limited to the extent he testified.  The clinical findings show neither significant muscle atrophy nor neurological defects.  Instead, the medical evidence demonstrates that Plaintiff received routine, conservative medical care for his conditions.

Moreover, in cases such as the one before this Court, where the objective medical evidence does not substantiate the claimant's subjective complaints, the ALJ must pass on the credibility of the claimant in making those complaints.  The ALJ's findings as to credibility are entitled to deference because she had the opportunity to observe the claimant and assess his subjective complaints. Brainard, 889 F.2d at 681.  Her determination in this case is

supported by the medical records, particularly the lack of any treating physician's opinion that Plaintiff was disabled, the lack of treatment expected for someone suffering severe pain, and Plaintiff's own failure to continue with recommended courses of treatment such as physical therapy. Thus, this Court finds that the ALJ's credibility determination was grounded in the record. It is not the role of the Court to reweigh the evidence.

In sum, the record supports the ALJ's conclusion that Plaintiff was not disabled. Therefore, no basis for reversing the decision of the ALJ exists.

## IV.  CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **AFFIRMS** the denial of benefits to Plaintiff. Defendant's Motion for Summary Judgment is **GRANTED,** Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: March 8, 2007

### CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to Lisa M. Watkinson and James A. Brunson on this date.

s/Bernadette M. Thebolt
Deputy Clerk